## No. 15-80053

---

### IN THE
### UNITED STATES COURT OF APPEALS
### FOR THE NINTH CIRCUIT

---

Agua Caliente Band of Cahuilla Indians,

*Plaintiff and Respondent,*

vs.

Coachella Valley Water District, *et al.*, Desert Water Agency, *et al.*,

*Defendants and Petitioners.*

---

United States of America,

*Plaintiff-Intervenor and Respondent,*

vs.

Coachella Valley Water District, *et al.*, Desert Water Agency, *et al.*,

*Defendants and Petitioners.*

---

United States District Court for the
Central District of California
Hon. Honorable Jesus G. Bernal, Department 1
Case No. EDCV-13-883-JGB

---

### MOTION FOR LEAVE TO FILE REPLY TO RESPONSES
### OPPOSING PETITION FOR PERMISSION TO APPEAL

### [PARTIES' COUNSEL ON FOLLOWING PAGE]

01358.00008\9710827.2

Roderick E. Walston (SBN 32675)
Michael T. Riddell ( SBN 72373)
Steven G. Martin (SBN 263394)
Best Best & Krieger LLP
2001 N. Main Street, Suite 390
Walnut Creek, CA 94596
Telephone(925) 977-3300
Facsimile:(925) 977-1870

Steven B. Abbott (SBN 125270)
Gerald D. Shoaf (SBN 41084)
Julianna K. Tillquist (SBN 180522)
Redwine and Sherrill
1950 Market Street
Riverside, CA 92501-1704
Telephone: (951) 684-2520
Facsimile: (951) 684-9583

Attorneys for Petitioners Desert Water
Agency, and Patricia G. Oygar, Thomas
Kieley, III, James Cioffi, Craig A.
Ewing and Joseph K. Stuart, sued in
their official capacity as members of the
Board of Directors

Attorneys for Petitioners Coachella Valley
Water District, and G. Patrick O'Dowd, Ed
Pack, John Powell, Jr., Peter Nelson and
Castulo R. Estrada, sued in their official
capacity as members of the Board of
Directors

## MOTION FOR LEAVE TO FILE REPLY TO RESPONSES
## OPPOSING PETITION FOR PERMISSION TO APPEAL

Petitioners Desert Water Agency ("DWA") and Coachella Valley Water District ("CVWD") move for (1) leave to file a reply to the responses of Respondents United States and Agua Caliente Band of Cahuilla Indians ("Tribe") opposing the Petition for Permission to Appeal, and (2) leave to file a reply containing 16 pages, which exceeds the 10-page limit for a reply specified in Rule 27(d) of the Federal Rules of Appellate Procedure.

The grounds for the motion to file a reply are as follows: The Respondents' responses raise various arguments and issues that were not addressed, or in some cases not fully addressed, by the Petitioners in their petition, and the Petitioners' reply would assist this Court in evaluating the arguments and issues raised in the Respondents' responses. In addition, the Respondents in some instances have mischaracterized the Petitioners' arguments, and a reply is necessary to correct these mischaracterizations. The federal appellate courts, including this Court, have in some instances granted motions for leave to file replies to oppositions to petitions for interlocutory appeals under 28 U.S.C. § 1292(b),[1] and it is appropriate that the Court do so in this case for the foregoing reasons.

---

[1] *See, e.g., Baumann v. Chase Inv. Servs.*, No. 12-80007, ECF No. 9 (9th Cir. Apr. 10, 2012) (order granting "Petitioner's opposed motion for leave to file a reply to respondent's answer to the petition for permission to appeal . . ." and granting

The grounds for the motion to file a reply exceeding the 10-page limit specified in Rule 27(d) are as follows: The Respondents filed separate responses in opposition to the petition, containing a total of 37 pages, and the Respondents' responses in some instances raised different arguments. The Petitioners, rather than filing a separate reply to each of the Respondents' responses, instead have prepared a single reply to both responses. The Petitioners are unable to adequately reply to the arguments raised by the Respondents in their separate responses within 10 pages.

The Petitioners' counsel has contacted Respondents' counsel concerning whether they oppose or do not oppose the Petitioners' motion for leave to file this reply. The United States' counsel has stated that the United States takes no position on the motion, but reserves the right to respond in the event that material is presented in the reply that has not been addressed in the Petition or the oppositions. The Tribe's counsel has stated that it opposes the motion.

---

petition pursuant to 28 U.S.C. § 1292(b)); *Joffe v. Google Inc.*, No. 11-80186, ECF No. 6 (9th Cir. Oct. 17, 2011) (order granting "Petitioner's request for leave to file a reply" and granting petition pursuant to 28 U.S.C. § 1292(b)); *Pac. Merch. Shipping Assoc. v. Goldstene*, No. 09-80145, Docket No. 7 (9th Cir. Dec. 11, 2009) (same); *State Farm Mut. Auto. Ins. Co. v. Boellstorff*, No. 07-500 (10th Cir. Apr. 4, 2007) (same); *Lincoln Dodge, Inc. v. Sullivan*, No. 09-8013 (1st Cir. Apr. 2, 2009) (same).

For the foregoing reasons, this Court should grant the Petitioners' motion for leave to file the reply attached to this motion.


April 20, 20015               Respectfully submitted,

                      */S/ Roderick E. Walston*
                    Roderick E. Walston
                    Steven G. Martin
                    Attorneys for Petitioners Desert Water Agency *et al.*


April 20, 20015

                    */S/ Steven B. Abbott*
                    Steven B. Abbott
                    Gerald D. Shoaf
                    Julianna K. Tillquist
                    Attorneys for Petitioners Coachella Valley Water District, *et al*.

No. 15-80053

---

**IN THE**
**UNITED STATES COURT OF APPEALS**
**FOR THE NINTH CIRCUIT**

---

Agua Caliente Band of Cahuilla Indians,

*Plaintiff and Respondent,*

vs.

Coachella Valley Water District, *et al.*, Desert Water Agency, *et al.*,

*Defendants and Petitioners.*

---

United States of America,

*Plaintiff-Intervenor and*
*Respondent,*

vs.

Coachella Valley Water District, *et al.*, Desert Water Agency, *et al.*,

*Defendants and Petitioners.*

---

United States District Court for the
Central District of California
Hon. Honorable Jesus G. Bernal, Department 1
Case No. EDCV-13-883-JGB

---

**REPLY TO RESPONSES OPPOSING PETITION FOR**
**PERMISSION TO APPEAL**

01358.00008\9710827.2

## TABLE OF CONTENTS

**Page**

INTRODUCTION ................................................................... 1

I. THERE IS "SUBSTANTIAL GROUND FOR DIFFERENCE OF
   OPINION" ................................................................... 2

   A.  NEITHER THE SUPREME COURT NOR ANY FEDERAL
      APPELLATE COURT HAS RESOLVED THE QUESTION WHETHER
      THE RESERVED RIGHTS DOCTRINE APPLIES TO
      GROUNDWATER ....................................................... 2

   B.  A PRIMARY QUESTION RAISED IN THIS INTERLOCUTORY
      APPEAL IS WEATHER *NEW* MEXICO APPLIES ONLY IN
      QUANTIFYING A RESERVED RIGHT, OR ALSO IN DETERMINING
      WHETHER A RESERVED RIGHT EXISTS .................................. 9

II. AN INTERLOCUTORY APPEAL "MAY MATERIALLY ADVANCE
      THE ULTIMATE TERMINATION OF THE LITIGATION " ................. 11

CONCLUSION ................................................................ 16

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

## Cases

*Colville Confederated Tribes v. Walton*
460 F.Supp. 1320 (E.D. Wash. 1978) ............................................................ 6, 8

*Colville Confederated Tribes v. Walton*
647 F.2d 42 (9th Cir. 1981) ......................................................................... 8

*Gila River Pima-Maricopa Indian Community v. United States*
9 Ct. Cl. 660 (1986) .................................................................................. 6

*John v. United States*
720 F.3d 1214 (9th Cir. 2013) .................................................................. 8, 9

*Nevada ex rel. Shamberger v. United States*
165 F.Supp. 600 (D. Nev. 1958), *aff'd on other grounds,* 279 F.2d
699 (9th Cir. 1960) .................................................................................. 76

*New Mexico ex rel. Reynolds v. Aamodt*
618 F.Supp. 993 (D. N.M. 1985) ............................................................... 6

*Preckwinkle v. Coachella Valley Water Dist.*
Case No 5:05-cv-626, ECF No. 210, Order at **26-28 (C.D. Cal.
Aug. 30, 2011) ........................................................................................ 6

*Reese v. BP Exploration (Alaska) Inc.*
643 F.3d 681 (9th Cir. 2011) .................................................................... 12

*Tweedy v. Texas Co.*
286 F.Supp. 383 (D. Mont. 1968) ............................................................. 6

*United States v. Adair*
723 F.2d 1394 (9th Cir. 1984) .................................................................. 8

*United States v. Cappaert*
508 F.2d 313 (9th Cir. 1974), *aff'd on other grounds sub nom.*
*Cappaert v. United States*, 426 U.S. 128 (1976)
..................................................................................... 2, 3, 4, 5, 6

*United States v. New Mexico*
    438 U.S. 696 (1978) ........................................................................ 6, 7, 9, 10,11

*United States v. Washington Dep't of Ecology*
    2005 WL 1244797 (W.D. Wash. May 20, 2005) ................................... 6

**State Cases**

*In re Adjudication of All Rights to Use Water in the Big Horn System*
    753 P.2d 76 (Wyo. 1988) .............................................................. 3, 4

*In re Adjudication of All Rights to Use Water In Gila River System
and Source*
    989 P.2d 739 (Ariz. 1999) ............................................................ 4, 7, 8

*Central & West Basin Replenishment Dist. v. Southern California
Water Co.*
    109 Cal.App.4th 891 (2003) ............................................................ 13

*City of Pasadena v. City of Alhambra*
    33 Cal.2d 908 (1949) ..................................................................... 15

*Confederated Salish & Kootenai Tribes of the Flathead Reservation v.
Stults*
    59 P.3d 1093 (Mont. 2002) ............................................................ 5

*Soboba Band of Mission Indians v. United States,*
    *37 Ind. Cl. Comm. 326, 341 (1976)* ............................................... 6

**Federal Statutes**

28 U.S.C. § 1292(b) ............................................................................... 1, 2, 11, 12

**Statutes**

Cal. Water Code § 10720.3(d) ............................................................... 11

**Other Authorities**

Sustainable Groundwater Management Act, Cal. Water Code § 10720
    *et seq.* .............................................................................................. 11

## REPLY TO RESPONSES OPPOSING PETITION FOR PERMISSION TO APPEAL

## INTRODUCTION

The United States and the Tribe acknowledge that the district court's order involves a "controlling question of law," as required for an interlocutory appeal under 28 U.S.C. § 1292(b). U.S. Br. 1, 3; Tribe Br. 4. They argue, however, that an interlocutory appeal is inappropriate under section 1292(b) because there is no "substantial ground for difference of opinion," and that an interlocutory appeal would not "materially advance the ultimate termination of the litigation." The district court concluded, however, that an interlocutory appeal is appropriate because "[s]ubstantial ground for difference of opinion exists on the legal question," Order 14, and that an interlocutory appeal "would, at the very least, shrink dramatically if the issue resolves the other way, thus 'advanc[ing] the ultimate termination' of the case." Order 13-14. Thus, even though the district court ruled in favor of the United States and the Tribe on the merits, the United States and the Tribe disagree with the district court's conclusion that an interlocutory appeal is appropriate.

As the Petitioners explain, the United States' and the Tribe's argument that an interlocutory appeal is inappropriate is misplaced, and the district court's conclusion that an interlocutory appeal is appropriate is correct. Therefore, this Court in its discretion should grant the interlocutory appeal.

I.    THERE IS "SUBSTANTIAL GROUND FOR DIFFERENCE OF
      OPINION."

   A.    Neither the Supreme Court Nor Any Federal Appellate Court Has
         Resolved the Question Whether the Reserved Rights Doctrine
         Applies to Groundwater.

The district court, in concluding that there is "substantial ground for

difference of opinion" concerning whether the reserved rights doctrine applies to

groundwater, stated, correctly, that "no federal court of appeals has passed on" the

issue. Order 14. The United States and the Tribe argue that the district court is

wrong because the Ninth Circuit in *Cappaert* issued a "binding precedent"

resolving the issue before the case reached the Supreme Court. U.S. Br. 9-11;

Tribe Br. 1, 6-9. In *Cappaert*, the Ninth Circuit held that the reserved rights

doctrine applied to the "groundwater" in that case, which consisted of a pool of

water in a cavern at Devil's Hole National Monument in Nevada. *United States v.*

*Cappaert*, 508 F.2d 313, 317 (9th Cir. 1974), *aff'd on other grounds sub nom.*

*Cappaert v. United States*, 426 U.S. 128 (1976). On review, the Supreme Court

stated that the Ninth Circuit had mischaracterized the water as "groundwater," that

the water was actually "surface" water, and that the United States had a reserved

right in the "surface" water. *Cappaert*, 426 U.S. at 142-143. The Supreme Court

then held that the United States could protect its reserved right in the surface water

from diversion by a third party, regardless of "whether the diversion is of surface

water or groundwater." *Id.* at 143. The Supreme Court pointedly stated that "[n]o

cases of this Court have applied the doctrine of implied reservation of water rights to groundwater." *Id*. at 142.

Since the Supreme Court in *Cappaert* re-characterized the water as surface water rather than groundwater and stated that the Court has never applied the reserved rights doctrine to groundwater, the Supreme Court made clear that the question whether the reserved rights doctrine applies to groundwater remains unresolved notwithstanding the Ninth Circuit's opinion. If the Supreme Court re-characterizes the facts of a lower court decision in order to avoid reaching an issue decided by the lower court and states that the Supreme Court has never decided the issue, then the lower court decision deciding the issue can hardly be regarded as a "precedent," much less a "binding" one. Therefore, the Ninth Circuit's opinion is not "binding" or even relevant on the question. The district court here properly recognized that the Supreme Court in *Cappaert* left the issue unresolved notwithstanding the Ninth Circuit decision, stating that "the Supreme Court's decision in *Cappaert* specifically avoided deciding the issue" and therefore "no federal court of appeals has passed on" the issue. Order 14.

Moreover, none of the state supreme court decisions cited by the parties that considered whether the reserved rights doctrine applies to groundwater regarded the Ninth Circuit's decision in *Cappaert* as establishing a relevant precedent. The Wyoming Supreme Court in the *Big Horn* adjudication, in holding that the

reserved rights doctrine does not apply to groundwater, stated that "not a single case applying the reserved water doctrine to groundwater is cited to us"; although the Wyoming Court noted that the Ninth Circuit had decided the issue in *Cappaert*, the Wyoming Court disregarded the Ninth Circuit decision because "[t]he Supreme Court, however, found the water in the pool reserved for preservation of the pupfish was not groundwater but surface water, protected from subsequent diversions from either surface or groundwater supplies." *In re Adjudication of All Rights to Use Water in the Big Horn System,* 753 P.2d 76, 99 (Wyo. 1988). Similarly, the Arizona Supreme Court in the *Gila River* adjudication, although also noting that the Ninth Circuit had decided the issue in *Cappaert*, did not cite the Ninth Circuit decision in support of its conclusion that the reserved rights doctrine applies to groundwater; the Arizona Court disregarded the Ninth Circuit because "the Supreme Court [in *Cappaert*] found it unnecessary to reach that question, explaining that the water in the pool was surface water." *In re Adjudication of All Rights to Use Water In Gila River System and Source,* 989 P.2d 739, 746 (Ariz. 1999). Similarly, the Montana Supreme Court in *Stults*, although also noting that the Ninth Circuit had decided the issue in *Cappaert*, did not cite the Ninth Circuit decision in support of its conclusion that the reserved rights doctrine applies to groundwater; instead, the Montana Court stated that the Supreme Court in *Cappaert* concluded that "the groundwater at issue was physically interrelated with

surface water" and the United States could protect its right in the surface water from subsequent diversion of groundwater. *Confederated Salish & Kootenai Tribes of the Flathead Reservation v. Stults*, 59 P.3d 1093, 1099 (Mont. 2002).

In short, the three state supreme courts that have addressed the question whether the reserved rights doctrine applies to groundwater—and which, incidentally, disagreed concerning whether the doctrine applies—did not regard the Ninth Circuit's decision in *Cappaert* as establishing a relevant precedent that provides guidance on the issue. Thus, the United States' and the Tribe's argument that the Ninth Circuit decision established a "binding precedent" is incorrect, and the district court's conclusion that there is "substantial ground for difference of opinion," Opinion 14, is correct.

The United States and the Tribe also cite several lower federal court decisions—by federal district courts, the Indian Claims Commission and the Court of Federal Claims—for their argument that there is no "substantial ground for difference of opinion" concerning whether the reserved rights doctrine applies to groundwater. U.S. Br. 12-13; Tribe Br. 9-10. On the contrary, decisions by lower federal courts, which apply only within the lower courts' respective areas of jurisdiction, cannot be regarded as definitively resolving an issue that the Supreme Court, as in *Cappaert*, has stated it has not resolved. *Cappaert*, 426 U.S. at 142. Moreover, the lower court decisions cited by the United States and the Tribe do not

provide persuasive authority concerning whether the reserved rights doctrine

applies to groundwater for several reasons: some decisions were issued before the

Supreme Court issued its decision in *United States v. New Mexico*, 438 U.S. 696

(1978), which substantially narrowed the reserved rights doctrine; others simply

concluded in a single passage that the reserved rights doctrine applies to

groundwater, without any discussion or analysis that might support the conclusion;

others cited the Supreme Court's decision in *Cappaert* as holding that the reserved

rights doctrine applies to groundwater, even though, as explained above, *Cappaert*

did not so hold; other decisions did not discuss whether reserved rights apply to

groundwater; and others did not involve reserved rights at all.[2]

---

[22] Some lower court decisions cited by the United States and the Tribe were issued prior to the Supreme Court's decision in *New Mexico*, and thus did not apply the *New Mexico* standard in determining whether the Indian tribe had a reserved right in groundwater. *Tweedy v. Texas Co.*, 286 F.Supp. 383, 385 (D. Mont. 1968); *Soboba Band of Mission Indians v. United States*, 37 Ind. Cl. Comm. 326, 341 (1976). Some decisions provided only a cursory, conclusory statement that federal reserved rights apply to groundwater, without any analysis or discussion of the issue. *Soboba*, 37 Ind. Cl. Comm. at 341; *Preckwinkle v. Coachella Valley Water Dist.*, Case No 5:05-cv-626, ECF No. 210, Order at **26-28 (C.D. Cal. Aug. 30, 2011); *United States v. Washington Dep't of Ecology*, 2005 WL 1244797, at *3 (W.D. Wash. May 20, 2005). One decision involved pueblo rights, not reserved rights. *New Mexico ex rel. Reynolds v. Aamodt*, 618 F.Supp. 993, 1010 (D. N.M. 1985). Two decisions—*Colville Confederated Tribes v. Walton*, 460 F.Supp. 1320, 1326 (E.D. Wash. 1978), and *Gila River Pima-Maricopa Indian Community v. United States*, 9 Ct. Cl. 660, 699 (1986)—cited the Supreme Court's decision in *Cappaert* for the conclusion that the reserved rights doctrine applies to groundwater, and, as explained in the text above, *Cappaert* held only that the United States had a reserved right in surface water and stated that it had never decided whether reserved rights also apply to groundwater. *Cappaert*, 426 U.S. at

More importantly, none of the decisions cited by the United States and the Tribe considered whether the reserved rights doctrine applies to groundwater under circumstances similar to those in this case. The defendant water agencies argue that the reserved rights doctrine does not apply to groundwater here because—under the circumstances of this case—the Tribe's claimed reserved right is not "necessary" to accomplish the primary reservation purpose and thus does not impliedly exist under the Supreme Court's decision in *New Mexico*. The circumstances of the case that support this conclusion are that (1) the Tribe has a correlative right to use groundwater under California law for its reservation needs;[3] (2) the Tribe has an adjudicated water right under California law, based on the 1938 Whitewater River Decree, to use surface water for its reservation needs; (3) the Tribe was not historically using groundwater when its reservation was created;

---

142. One decision, *Nevada ex rel. Shamberger v. United States*, 165 F.Supp. 600 (D. Nev. 1958), *aff'd on other grounds,* 279 F.2d 699 (9th Cir. 1960), held that the government has constitutional power to appropriate water for beneficial use on a federal naval reservation, and contained no discussion of whether the reserved rights doctrine applies to groundwater.

[3] California is the only western state that has adopted the doctrine of "correlative rights" as applied to groundwater. Thus, none of the non-California decisions cited by the United States and the Tribe for their reserved rights argument—including the Arizona Supreme Court's decision in *Gila River* and the Montana Supreme Court's decision in *Stults*, as well as the non-California lower court decisions— addressed the question, raised here, whether an Indian tribe has a reserved right in groundwater under circumstances where it has a correlative right to use groundwater under state law.

(4) even today, the Tribe does not use or attempt to use groundwater; and (5) the groundwater in which the Tribe claims a reserved right is not hydrologically connected to the surface water.[4] None of the lower court decisions cited by the United States and the Tribe addressed whether an Indian tribe has a reserved right in groundwater under these or similar circumstances, and thus none of the decisions addressed or resolved the issue presented here.[5]

---

[4] The state supreme court decisions cited by the United States and the Tribe for their argument that the reserved rights doctrine applies to groundwater—the Arizona Supreme Court's decision in *Gila River* and the Montana Supreme Court's decision in *Stults*—held that the doctrine applies to groundwater that is hydrologically connected to surface waters. *Gila River*, 989 P.2d at 418 (citing *Cappaert*'s statement that the groundwater being pumped by the third party and the surface water in which the United States had a reserved right are "integral parts of the hydrologic cycle"); *Stults*, 59 P.3d at 1099 (citing *Cappaert* for view that "the groundwater at issue was physically interrelated with surface water"). Here, by contrast, the groundwater in which the Tribe claims a reserved right is not hydrologically connected to the surface water, as the district court stated. Order 14 ("In this case it is undisputed that the groundwater at issue is not hydrologically connected to the reservation's surface water, so it sits uncomfortably outside *Cappaert*'s explicit holding.") Thus, the state supreme court decisions cited by the United States and the Tribe are irrelevant for this additional reason.

[5] The United States and the Tribe also argue that their reserved right argument is supported by the Ninth Circuit decisions in *John v. United States*, 720 F.3d 1214, 1230 (9th Cir. 2013), *Colville Confederated Tribes v. Walton*, 647 F.2d 42, 46-47 (9th Cir. 1981), and *United States v. Adair*, 723 F.2d 1394, 1408 n. 13 (9th Cir. 1984). U.S. Br. 7-9; Tribe Br. 11-13. These decisions, however, addressed only whether the United States or an Indian tribe had reserved rights in surface waters, and did address whether reserved rights apply to groundwater. In *John*, the Ninth Circuit discussed the reserved rights doctrine only in determining what lands and waters were subject to the Alaska National Interest Lands Conservation Act (ANILCA), which authorized subsistence hunting and fishing by natives. *John*, 720 F.3d at 1223-1224.

**B.     A Primary Question Raised in This Interlocutory Appeal is Whether *New Mexico* Applies Only in Quantifying a Reserved Right, or Also in Determining Whether a Reserved Right Exists.**

A primary—perhaps determinative—question raised in this interlocutory appeal is whether the standard adopted by the Supreme Court in *New Mexico* applies only in quantifying a reserved water right, or also in determining whether a reserved right impliedly exists in the first instance. *New Mexico* held that the government impliedly reserves a water right only if the reserved water is "necessary" to accomplish the "primary" reservation purpose and prevent this purpose from being "entirely defeated." *New Mexico*, 438 U.S. at 700, 702; *John v. United States*, 720 F.3d 1214, 1226 (9th Cir. 2013). The district court held that the *New Mexico* standard does not apply in Phase 1 of this litigation, which addresses the question whether the Tribe has a reserved right in groundwater, and that the *New Mexico* standard applies only in quantifying a reserved right, an issue that will be addressed in Phase 3 of this litigation, if the litigation reaches that phase. Order 10 (*New Mexico*'s "reasoning simply does not impact Phase I of this litigation"). The defendant water agencies, on the other hand, argue that the *New Mexico* standard applies in determining whether the government impliedly reserves a water right in the first instance. Indeed, *New Mexico* stated that its standard applies in determining "what, *if any*, water" is reserved, 438 U.S. at 705 (emphasis added), and *New Mexico* applied its standard in concluding that the U.S. Forest

Service did not have a reserved right to instream flows in a national forest—and thus *New Mexico* did not apply its standard in quantifying the right. *Id.* at 707-717.

If the defendant water agencies' view of *New Mexico* is correct, the Tribe would have a reserved right in groundwater only if the right is "necessary" to accomplish the "primary" purpose of the Tribe's reservation and prevent this purpose from being "entirely defeated"—and the Tribe's claimed reserved right does not meet this standard because, for example, the Tribe has a correlative right to use groundwater under California law.[6] If, on the other hand, the district court's view of *New Mexico* is correct, the Tribe automatically acquired a reserved right in the groundwater when the government reserved land for the Tribe's reservation, and it is immaterial whether the Tribe has a correlative right to use groundwater under California law. The district court properly recognized the importance of the issue—even though the defendant agencies believe the court wrongly decided the issue—by stating that "[w]hether *Winters* rights extend to groundwater, in light of

---

[6] The United States mischaracterizes the defendant water agencies' correlative rights argument, by asserting that "federal reserved rights are governed by federal, not state, law," U.S. Br. 6, and that the defendant agencies are arguing that "state law can defeat entirely the reservation of water rights for an Indian tribe," *id.* at 8. The defendant agencies make no such argument. Rather, the defendant agencies argue that the Tribe's claimed reserved right in groundwater is not "necessary" to accomplish the primary reservation purpose for various reasons—such as, for example, that the Tribe has a correlative right to use groundwater under California law—and therefore the Tribe's claimed reserved right does not impliedly exist under *federal* law.

California's correlative rights legal framework for groundwater allocation, effectively controls the outcome of this case." Order 13. This issue—whether *New Mexico* applies in determining whether a reserved right impliedly exists and not just in quantifying the right—is an issue of national importance that has never been decided by the Supreme Court, the Ninth Circuit or any other federal appellate court, and may effectively control the outcome of this case. Therefore, the issue is worthy of this Court's interlocutory review.[7]

## II.     AN INTERLOCUTORY APPEAL "MAY MATERIALLY ADVANCE THE ULTIMATE TERMINATION OF THE LITIGATION."

The Tribe argues that an interlocutory appeal would not "materially advance the ultimate termination of the litigation" and thus is not appropriate under section 1292(b). The district court concluded otherwise, stating that "[t]he scope of this litigation would, at the very least, shrink dramatically if the issue resolves the other way, thus 'advanc[ing] the ultimate termination' of the case." Order 13-14. As

---

[7] The United States argues that California's recent groundwater legislation, the Sustainable Groundwater Management Act (SGMA), Cal. Water Code § 10720 *et seq.*, "recognizes federally reserved water rights in groundwater." U.S. Br. 18. SGMA provides that "federally reserved water rights to groundwater shall be respected in full," and that "federal law shall prevail" in cases of "conflict between federal and state law." Cal. Water Code § 10720.3(d). Thus, SGMA expressly does not affect reserved rights in groundwater that may be recognized in California by, for example, congressional enactments or court decrees. On the other hand, SGMA provides that it is "declaratory of existing law," Cal. Water Code § 10720.3(d), and thus SGMA does not recognize the existence of claimed federal reserved rights in groundwater that, as in this case, are not established in congressional enactments or court decrees.

this Court has held, section 1292(b) does not require that an interlocutory appeal have a "final, dispositive effect on the litigation, only that it 'may materially advance' the litigation." *Reese v. BP Exploration (Alaska) Inc.,* 643 F.3d 681, 688 (9th Cir. 2011).

In arguing that an interlocutory appeal would not materially advance the termination of the litigation, the Tribe asserts that even if this Court grants interlocutory review and holds that the Tribe does not have a reserved right in groundwater, the case would still proceed to Phase 2, because Phase 2 involves "separate and distinct legal issues" concerning whether the Tribe has "ownership" of the pore space where the groundwater is stored and whether the Tribe's claimed reserved right includes a "water quality component." Tribe Br. 13-15. The Tribe states that its claim of "ownership" of the pore space is "entirely independent of the Phase 1 issues." Tribe Br. 14.

The Tribe's argument is plainly wrong. If this Court grants interlocutory review and holds that the Tribe does not have a reserved right in groundwater, the Tribe's and the United States' actions must be dismissed and the case would be over, because the United States' and the Tribe's entire argument is based on their claim that the Tribe has a reserved right in groundwater.

Specifically, if this Court grants interlocutory review and holds that the Tribe does not have a reserved right in groundwater, the case would not proceed to

Phase 2 to determine whether the Tribe owns the pore space where the groundwater is located, because the Tribe's claimed ownership of the pore space is based on its claim that it has a reserved right in groundwater. The Tribe's complaint alleges that "[t]he Tribe has a prior and paramount ownership interest in sufficient pore space in the aquifer underlying the Coachella Valley and the Tribe's Reservation *to store its federally reserved right to groundwater for all present and future purposes*." Tribe Compl. ¶ 55 (Doc. 1) (emphasis added). The Tribe repeats these allegations elsewhere in its complaint, alleging in other paragraphs that the Tribe has ownership of the pore space in order "*to store its Federally reserved right to groundwater for all present and future purposes*." *Id.* at ¶¶ 66, 75 (Doc. 1) (emphasis added). Since the Tribe claims ownership of the pore space in order to "store its federally reserved right to groundwater," there would be no basis for the Tribe's claimed ownership of the pore space if this Court decides that the Tribe does not have a reserved right in the groundwater. Indeed, if the Tribe does not have a reserved right in the groundwater, there would be no rational basis for the Tribe even to argue that it owns the pore space where the groundwater is located. Under California law, the storage space of an underground aquifer is a "public resource" available to all who use the resource, and no one has "ownership" of the resource. *Central & West Basin Replenishment Dist. v. Southern California Water Co.,* 109 Cal.App.4th 891, 904-913 (2003). Thus, this

case would not proceed to Phase 2 if this Court decides that the Tribe does not have a reserved right in groundwater, and the Tribe's argument to the contrary is inconsistent with its own complaint.

Additionally, if this Court grants interlocutory review and holds that the Tribe does not have a reserved right in groundwater, the case would not proceed to Phase 2 to determine whether the Tribe's reserved right includes a "water quality component," Tribe Br. 14, because the Tribe's claim that its reserved right includes a "water quality component" is obviously based on its claim that it has a reserved right. If the Tribe has no reserved right, it cannot argue that its reserved right includes a "water quality component."

The Tribe also argues that in the interests of "judicial economy and efficiency" this Court should deny an interlocutory appeal after Phase 1, as here, because there may be another interlocutory appeal after the next phase, Phase 2. Tribe Br. 16. On the contrary, if this Court grants interlocutory review and overturns the district court's decision, the case would be over and there would be no subsequent phases, either Phase 2 or Phase 3. Thus, the interests of "judicial economy and efficiency" weigh in favor of, rather than against, an interlocutory appeal. Moreover, it is entirely speculative whether there would be another interlocutory appeal after Phase 2, and thus there is no basis for denying interlocutory review at this juncture—when such review must result in termination

of the litigation—based on speculation concerning what might happen after the next phase.

Finally, the Tribe asserts that Phase 3—which would address the quantification of the Tribe's claimed reserved right, if the case reaches that phase—would not result in a general groundwater basin adjudication because the Tribe "has not requested a full basin adjudication, and no such adjudication is necessary to resolve Agua Caliente's claims." Tribe Br. 15. On the contrary, if the case proceeds to Phase 3 to quantify the Tribe's claimed reserved right in groundwater, all other persons and entities in the Coachella Valley who claim rights in the groundwater would be necessary parties in the adjudication, because their rights would be affected by quantification of the Tribe's right; the more water the Tribe would have, the less the other entities and persons would have, and *vice versa*. Thus, Phase 3 would necessarily require a general adjudication of all rights to groundwater in the Coachella Valley, an adjudication that would likely take several years to complete. If the district court were to adjudicate the Tribe's reserved right without inclusion of other groundwater users who have rights in the groundwater, the district court's adjudication of the Tribe's reserved right would be meaningless, because none of the other groundwater users would be bound by the adjudication. *City of Pasadena v. City of Alhambra*, 33 Cal.2d 908, 920 (1949).

## CONCLUSION

For the foregoing reasons, this Court should grant the petition for permission to appeal.

April 20, 2015                    Respectfully submitted,

                                     /S/ *Roderick E. Walston*
                                 Roderick E. Walston
                                 Steven G. Martin
                                 Attorneys for Petitioners Desert Water Agency, *et al.*

April 20, 2015                      /S/ *Steven B. Abbott*
                                 Steven B. Abbott
                                 Gerald D. Shoaf
                                 Attorneys for Petitioners Coachella Valley Water District, *et al.*

## CERTIFICATE OF COMPLIANCE

This reply complies with the type-volume limitation of Fed. R. App. P. 27(d) and 32(c), because it contains 15 pages and is accompanied by a motion for leave to file a reply to a response to a motion exceeding page limits. This reply complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. 32(a)(6), because this reply has been prepared in a proportionally spaced face of 14-point in plain roman style.

Date: April 20, 2015

/S/ *Roderick E. Walston*
Roderick E. Walston

1

## **CERTIFICATE OF SERVICE**

2      I hereby certify that I electronically filed **MOTION FOR LEAVE TO**

3   **FILE   REPLY   TO   RESPONSES   OPPOSING   PETITION   FOR**

4   **PERMISSION TO APPEAL** with the Clerk of the Court for the United States

5   Court of Appeal for the Ninth Circuit by using the appellate CM/ECF System

6   on March 30, 2015.

7

8      I certify that all participants in the case are registered CM/ECF users and

9   that service will be accomplished by the appellate CM/ECF system.

10

11   Catherine F. Munson                Pro Hac Vice Attorneys for Plaintiff
     Emil W. Herich                     Agua Caliente Band of Cahuilla
12   Kilpatrick Townsend & Stockton LLP Indians
13   607 Fourteenth Street NW, Suite 900
     Washington, DC 20005
14
15   Tel:  (202)-508-5844
     Fax: (202) 585-0007
16   cmunson@kilpatricktownsend.com
17   eherich@kilpatricktownsend.com

18
19   Thierry R. Montoya                 Attorneys for Plaintiff Agua
     David J. Masutani                  Caliente Band of Cahuilla Indians
20   AlvaradoSmith, APC
     633 W. Fifth Street
21   Suite 1100
22   Los Angeles, CA 90071

23
24   Tel: (213) 229-2400
     Fax: (213) 229-2499
25   dmasutani@alvaradosmith.com

26

27

28

LAW OFFICES OF
BEST BEST & KRIEGER LLP
2001 N. MAIN STREET, SUITE 390
WALNUT CREEK, CA 94596

Heather Whiteman Runs Him, Esq.
Steven C. Moore, Esq.
Native American Rights Fund
1506 Broadway
Boulder, CO 80302

Tel: (303) 447-8760
Fax: (303) 442-7776
heatherw@narf.org
smoore@narf.org

Mark H. Reeves, Esq.
Kilpatrick Townsend & Stockton LLP
Enterprise Mill
1450 Greene St., Suite 230,
Augusta, GA 30901

Tel: (706) 823-4206
Fax: (706) 828-4488
mreeves@kilpatricktownsend.com

Elizabeth Ann Peterson
U.S. Department of Justice
Environment & Natural Resources
Division, Appellate Section
P.O. Box 7415
Washington, DC 20044
(202) 514-3888
ann.peterson@usdoj.gov

Gerald D. Shoaf, Esq.
Steven B Abbott, Esq.
Redwine & Sherrill
1950 Market Street
Riverside, CA 92501-1704

Tel: 951-684-2520
Fax: 951-684-9583
sabbott@redwineandsherrill.com

Pro Hac Vice Attorneys for Plaintiff
Agua Caliente Band of Cahuilla
Indians

Pro Hac Vice Attorneys for Plaintiff
Agua Caliente Band of Cahuilla
Indians

Attorneys for Plaintiff-Intervenor
United States of America

Attorney for Defendants
Coachella Valley Water District,
Franz De Klotz, Ed Pack, John
Powell, Jr., Peter Nelson, Debi
Livesay

LAW OFFICES OF
BEST BEST & KRIEGER LLP
2001 N. MAIN STREET, SUITE 390
WALNUT CREEK, CA 94596

gshoaf@redwineandsherrill.com

Executed on April 20, 2015 at Walnut Creek, California.

*/s/ Irene Islas*
Irene Islas

LAW OFFICES OF
BEST BEST & KRIEGER LLP
2001 N. MAIN STREET, SUITE 390
WALNUT CREEK, CA 94596