**Appeal No. 15-80053**

**IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT**

Agua Caliente Band of Cahuilla Indians,

Plaintiff-Respondent,

and

United States of America,

Plaintiff-Intervenor-Respondent,

vs.

Coachella Valley Water District, *et al*,

Defendants-Petitioners.

United States District Court for the
Central District of California
Hon. Jesus G. Bernal, Department 1
Case No. EDCV-13-883-JGB

**PLAINTIFF-RESPONDENT AGUA CALIENTE BAND OF CAHUILLA INDIANS' OPPOSITION TO MOTION FOR LEAVE TO FILE REPLY TO RESPONSES OPPOSING PETITION FOR PERMISSION TO APPEAL**

Catherine F. Munson
**Kilpatrick Townsend & Stockton, LLP**
607 14th Street N.W., Suite 900
Washington, D.C. 20005
Tel: (202) 824-1435
cmunson@kilpatricktownsend.com

Mark H. Reeves
**Kilpatrick Townsend & Stockton, LLP**
Enterprise Mill, Suite 230
1450 Greene Street
Augusta, GA 30901
Tel: (706) 823-4206
mreeves@kilpatricktownsed.com

Steven C. Moore
Heather Whiteman Runs Him
**Native American Rights Fund**
1506 Broadway
Boulder, CO 80302
Tel: (303) 447-8760
smoore@narf.org
heatherw@narf.org

*Attorneys for Plaintiff-Respondent
Agua Caliente Band
of Cahuilla Indians*

Respondent Agua Caliente Band of Cahuilla Indians opposes Desert Water Agency's (DWA) and Coachella Valley Water District's (CVWD) motion for leave to file a reply in support of their petition for permission to file an interlocutory appeal under 28 U.S.C. § 1292(b), as well as their request that any such brief be allowed to grossly exceed the page limitations applicable to reply briefs. Because DWA and CVWD (collectively, the water districts) neglected to include in their motion Agua Caliente's reasons for opposing the filing of a reply brief and failed to even inquire as to Agua Caliente's position on the brief's length, Agua Caliente wishes to briefly state that information for the record.

Neither the Federal Rules of Appellate Procedure nor the rules of this Court provide for reply briefs in support of petitions for interlocutory appeal under § 1292(b). Instead, Rule 5 allows a petition and an answer and expressly provides that those documents will be submitted for the Court's consideration. *See* Fed. R. App. P. 5(b). This affords each party with an opportunity to state its position as to why an interlocutory appeal is or is not warranted, which is all that is necessary in this non-merits briefing. While the water districts contend that arguments raised in Agua Caliente's or the United States' response "were not addressed, or in some cases not fully addressed" in their petition, a party's failure to adequately address the relevant issues in the pleading(s) afforded them by the rules cannot be a sufficient or even legitimate basis for requesting and receiving an additional

opportunity to make its case. In light of the water districts' inability to proffer an adequate reason for why their petition merits special treatment, their motion should be denied.

Even if the Court is inclined to grant the water districts' motion, it should not allow them to file the fifteen-plus page reply brief attached thereto. Rule 27(d)(2) provides that reply briefs in support of motions – pleadings that are actually allowed under the rules – are limited to ten pages. An extraneous reply brief such as the one that the water districts seek to file certainly should be allotted no more space.[1] The water districts' argument that they should receive additional space because they are replying to two answers is unavailing. This Court's rules explicitly address joint and multiple briefing (although not joint motion practice), and they generally do not provide for the enlargement of reply briefs. *See* Circuit Rules 28-4 & 28-5. And while the rules do provide for the routine enlargement of principle and response briefs in cases of joint briefing, they only provide for a 25% expansion of the standard page limit – not the more than 50% requested by the water districts here. *See id.* If the water districts are to have a second bite at the apple, they should be required to take it in the space typically allotted to pleadings contemplated by the applicable rules.

---

[1] Had the water districts complied with Circuit Advisory Committee Note to Rule 27-1(5) by inquiring as to Agua Caliente's counsels' position on their overlong brief, they would have known that any such brief would be opposed and could have planned and drafted accordingly.

4

Respectfully submitted this 22nd day of April, 2015.

                                   s/ Catherine F. Munson
                                   Catherine F. Munson

                                   *Attorney for Agua Caliente Band of Cahuilla Indians*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on April 22, 2015.

I certify that all participants in the case are registered CM/ECF and that service will be accomplished by the appellate CM/ECF system.

s/ Catherine F. Munson<br>
Catherine F. Munson